(No. 1887—

J. Malcolm Strelitz et al., Claimants, *vs.* State of Illinois, Respondent.

*Opinion on rehearing filed September 13, 1939.*

Gunn, Penwell & Lindley, for claimant.

John E. Cassidy, Attorney General; Murray F. Milne, Assistant Attorney General, for respondent.

Mr. Justice Linscott delivered the opinion of the court:

An opinion was heretofore rendered in this cause allowing the claimants $192.86, and thereafter a petition for rehearing was filed by the Attorney General and said petition was granted on January 12, 1938.

A stipulation of facts was filed herein on March 14, 1936.

The Court finds that in granting an award for the claimants it did miscontrue the facts. The claimants charged that on January 30, 1930, and on February 13, 1930, the Electric Shovel Coal Corporation filed in the office of the Secretary of the State of Illinois annual reports for the year 1929, for the purpose of paying franchise taxes and initial fee taxes, showing that the Electric Shovel Coal Corporation's capital stock, represented by business transacted and property located in the State of Illinois was 34.45 per cent of the total issued capital stock; that the total issued capital stock was given in said reports as $3,900,500.00, making the proportion taxable in Illinois $1,343,722.00, which at five cents per $100.00 made the annual franchise tax $671.86, and that an initial fee having previously been paid on $1,025,379.00 under the aforesaid reports, there was therefore due an additional initial fee on $318,343.00, or the sum of $109.07. The Electric Shovel Coal Corporation paid by its draft dated June 28, 1930, to the State of Illinois the aforesaid sums of $671.86 and $109.07. Claimants then charged that the above figures thus submitted by them to the Secretary of State were erroneous, and that in fact and in truth the proportion of said Electric Shovel Corporation's corporate capital stock represented by business transacted and property located in the State of Illinois was 34.45 per cent on $3,195,240.00, or $1,000,760.18, and that therefore the annual franchise tax due was five cents per $100.00 on $1,000,760.18, or the sum of $500.38, making an over payment of $171.48, and that an over payment was therefore made on the initial fee amounting to $109.07, or a total of $280.55.

Under the stipulation of facts filed a further correction is made upon the computations involved, and it is agreed that the total correct amount of tax due at the time in question was $588.07; that the tax actually paid was $780.93 and that the over payment made by claimant was $192.86.

It appears from the file that these taxes were voluntarily paid under a mistake of law and cannot be recovered.

*The Arundel Corp.* vs. *State*, 8 C. C. R. 506;
*Mohawk Carpet Mills* vs. *State*, 8 C. C. R. 37;
*Chicago Foundation Co.* vs. *State*, 8 C. C. R. 22.

In the case of *Handy Button Machine Co.* vs. *State*, No. 2786, which opinion was filed in this Court under date of February 10, 1937, we held that where the claimant had an adequate remedy at law and failed to take advantage thereof and paid the tax with full knowledge of all the facts, payment must be considered as having been voluntarily made and claimant is not entitled to a refund.

This court has further held that when the statute provides a limitation for the taxpayer and he fails to take advantage thereof he cannot claim that the tax was involuntarily paid.

*Butler Co.* vs. *State*, 9 C. C. R. 503;
*Western Dairy Co.* vs. *State*, 9 C. C. R. 498;
*Stotlar-Herrin Lumber Co.* vs. *State*, 9 C. C. R. 517.

There does not appear to have been any fault or negligence on behalf of the Secretary of State, and we cannot see that there was any mistake of fact. The claim herein was computed and collected by the Secretary of State in accordance with law, based on information submitted by claimant, and a claim for rebate of a part thereof alleged to have been excessive on account of error in information furnished by claimant will be denied.

*Seth-Seiders, Inc.*, vs. *State*, 7 C. C. R. 9;
*Emerick* vs. *State*, 9 C. C. R. 510.

The report of the Secretary of State shows that the original tax assessment for the year 1930 was made upon the report furnished by the Electric Shovel Coal Corporation, and further shows that the assessment was correctly made upon the amount shown in such report. From the facts presented to the Secretary of State the tax was correctly assessed and the amount was paid voluntarily. The true facts were known only to the claimant, and any mistake therefore was not a mutual mistake of fact, but was a mistake known only by the officers of the corporation of which claimant was the receiver.

An award, therefore, will be denied.